BRADLEY COMPANY, Respondent, vs. TOWN OF ROCK FALLS and another, Appellants.

*May 15—June 12, 1917.*

*Taxation: Valuation of land: Water privileges.*

Under sec. 1052, Stats. 1915, in assessing riparian lands adjacent to an undeveloped water power, the value of the water privilege of each parcel should be added to its value as land; and such water-privilege value should be arrived at by determining the relation it bears to the value of all the water privileges considered as a unit.

APPEAL from a judgment of the circuit court for Lincoln county: A. H. REID, Circuit Judge. *Affirmed.*

Action for a refund of taxes on real estate paid under protest. Plaintiff owns lots 4 and 5 in section 3, town 33, range 6 east, lying on opposite sides of the Wisconsin river. It also owns lots 1 and 8 in section 10, lying on opposite sides of the river immediately south of lots 4 and 5. From the south line of lots 4 and 5 to a point about six miles up the river there is a fall of about twenty feet, of which fall at least three fifths is in the town of Bradley. The latter town lies immediately north of the defendant town and is about one mile distant from the south line of lots 4 and 5. The fall of the river on lots 1 and 8 is slight and their chief value for water power would be for a tail race. To develop a head of twenty feet on lots 4 and 5 would require a flowage

up stream of about six miles, affecting sixty-five government descriptions of land and covering 442 acres. Ten of such descriptions and seventy-seven acres of such flowage, most of which are in the town of Bradley, are not owned by the plaintiff, and a number of them are in hostile ownership. Most of the land owned by plaintiff was originally purchased for logging purposes, but it had acquired flowage rights on a half a dozen or so descriptions owned by others lying in the proposed flowage and had offered its lands and water privileges for sale.

The assessor assessed against lots 4, 5, 1, and 8 the value of all of such undeveloped water power, including the value of the flowage privileges lying in the town of Bradley, and plaintiff was compelled to pay a tax of $1,101.28 thereon. It was stipulated upon the trial that if the court should set aside the assessment it should determine the amount of the tax justly due instead of ordering a reassessment under sec. 1210b, Stats. 1915. The court held that each of the four lots in question should be assessed upon its value as land plus the value of its water privileges considered as a part of the total water privileges. In other words, it held that the value of the water privilege of each description should be assessed to it, such value being arrived at by a consideration of the relation it bore to all the other water privileges taken as a unit. So assessed the tax amounted to $272.28, and judgment for plaintiff was entered for the difference. The defendants appealed.

For the appellants there was a brief by *J. & M. Van Hecke* of Merrill, and oral argument by *John Van Hecke* and *E. E. Brossard,* assistant attorney general.

For the respondent there was a brief by *Goggins, Brazeau & Goggins* of Grand Rapids, and oral argument by *B. R. Goggins.*

VINJE, J. Some discussion as to what constitutes easements in gross and easements appurtenant is contained in

brief of counsel, and cases from other jurisdictions holding that under facts similar to those at bar each parcel should be assessed its proportionate share of the water privilege appurtenant to it are cited. We shall not discuss either, as we do not find it necessary to go beyond the plain terms of our statutes in deciding the case. Sec. 1039, Stats. 1915, requires that "All real property not expressly exempt from taxation shall be entered upon the assessment roll in the assessment district where it lies," and sec. 1052, Stats. 1915, requires that "In determining the value the assessor shall consider, as to each piece, its advantage or disadvantage of location, quality of soil, quantity of standing timber, water privileges, mines, minerals, quarries, or other valuable deposits known to be available therein, and their value." Nothing can be added by way of explanation to these plain statutory provisions to show that the trial court correctly disposed of the case.

It assessed upon each of the four lots its value as land and added thereto its water-privilege value, which it arrived at by determining the relation it bore to the value of all the water privileges considered as a unit. Thus each parcel was assessed only its proportionate share of the whole water-privilege value, including the flowage, considered as a unit. The assessor assessed against these four lots the value of all the water privileges, including those of the flowage lying in the town of Bradley. In doing so he violated the plain language of the statute.

Some suggestion is made in the brief of counsel for defendant that the trial court's findings as to the taxable value of the lots are not sustained by the evidence. This suggestion has no foundation in fact. The findings of value rest upon competent, satisfactory evidence and cannot be disturbed.

*By the Court.*—Judgment affirmed.